LEDET, J.,
Dissents with Reasons.
The exception of no right of action assumes Gootee’s amended petition states a valid cause of action and questions whether they have a legal interest in the subject matter of the litigation. La. C.C.P. art. 927(6), Louisiana Paddlewheels v. Louisiana Riverboat Gaming, 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888.
As the majority opinion indicates, Goo-tee Construction Inc. (“Gootee”) and Stewart Interior Contractors, L.L.C. (“Stewart”) claim different damages for construction losses as a result of the alleged defective metal studs manufactured by MetalPro Industries, L.L.C. (“Metal-Pro”).
Therefore, I would find Gootee has a right of action to bring its claim in redhibition against MetalPro.
Further, the amendment of the original petition adding Gootee as a plaintiff did not prejudice MetalPro as they were already on notice of the facts out of which *490 Gootee’s claim arose. Additionally, Metal-Pro knew or should have known that Goo-tee was the general contractor for the construction project and claimed damages in addition to those incurred by Stewart.
Therefore, I would find the December 3, 2002 amendment to add Gootee as a plaintiff relates back to the date of the filing of the original petition pursuant to La. C.C.P. art. 1153.